## GEORGE BURT AGT. WILLIAM S. REYBURN.

*Jurisdiction : Justices of the Peace.*

1. By the amended charter of the city of Leavenworth (Private Laws, 1858, p. 240), jurisdiction in all cases arising in the city, was taken away from justices of the peace.

7

George Burt agt. William S. Reyburn.

2. When the title or boundaries to land come in dispute, in any case, before a justice of the peace, either in the pleadings or in the evidence, his jurisdiction ceases, and he should dismiss the case.

ERROR from S. B. Williams, Esq., Justice of the Peace of Leavenworth County.

*By the Court*—PETTIT C. J.

This is a petition in error to S. B. Williams, Esq., a justice of the peace of Leavenworth county and township, and the suit was for the possession of real estate situated in the city of Leavenworth.

The suit was brought on the 20th of April, 1859, and on the 26th and 27th of the same month the cause was tried. The record shows that before going into trial, Burt moved the court to dismiss the cause for want of jurisdiction, which motion was overruled, and the ruling excepted to by him. He afterwards pleaded, putting the title to the lands in dispute, and then insisted that the cause should be dismissed; but in this he was overruled, and excepted. The evidence, as given in the bill of exceptions, shows that the title to the lands sued for did come in dispute; indeed, title was almost the only question that was before the court. Deeds and a mortgage, and other papers in relation to the title, were read on both sides to show and dispute title. After this evidence was given, Burt again insisted that the case should be dismissed for want of jurisdiction, but he was, as before, overruled, and he excepted. Judgment was rendered for the defendant in error, and the plaintiff below, and this petition is brought to reverse this judgment. On the trial it

appears that Reyburn claimed possession of the lands by virtue of being mortgagee thereof. In deciding this case, it is not necessary to determine whether the mortgagor may be turned out of possession by the mortgagee in this territory, or whether such case is attempted to be provided for by section 117 p. 525, of the Code of 1859, or not. The question of jurisdiction is fully and repeatedly made in the record. By the amended charter of the city, which was in force at that time, all jurisdiction, in all cases arising in the city, was taken away from the justices of the peace, and for this reason the case should have been dismissed.

The organic act of the territory is also clearly decisive of this question. Section 27, among other things, provides that justices of the peace shall not have jurisdiction of any matter in controversy, when the title or boundaries of land may be in dispute. The record not only shows that this was such a case as might put the title to land in dispute, but that it was the main and principal question in dispute, and heard, tried and determined by the justice, by admitting deeds, mortgages and other papers, and the records thereof, to prove in whom was the title, and who was entitled to the possession by virtue of such title. We are clearly of opinion that so soon as the title or boundaries to lands shall come in dispute, in any case, before a justice of the peace, either on the pleadings or in the evidence, his jurisdiction ceases—he should dismiss the case. It did so come in dispute in this case, both in the pleadings and evidence.

ORDER.—Rendering the judgment here, which the justice should have rendered, it is ordered that this cause be dismissed for want of jurisdiction in the justice, at the cost of the said Reyburn, and judgment here against Reyburn, for the costs in this court, and execution awarded thereon.